UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADELAIDE SCHAAP,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )    3:23-cv-895 (OAW)<br>)<br>) |
| UNITED STATES OF AMERICA,<br>    *Defendant*. | )<br>)<br>)<br>) |

## ORDER GRANTING MOTION TO DISMISS

**THIS ACTION** is before the court upon the government's Motion to Dismiss. ECF No. 12. The court has reviewed the motion, the complaint, Compl., ECF No. 1, and the record in this case. For the reasons discussed herein, the motion is **GRANTED.**

## I. BACKGROUND

On January 2, 2021, at 7:13 A.M., Plaintiff visited a United States Postal Service ("USPS") facility located at 1744 Dixwell Avenue, Hamden, Connecticut. Compl. ¶ 3. Plaintiff entered the post office to check her P.O. box and when she returned to her car, she "was violently assaulted by two men [] while she was in her vehicle." *Id.* ¶ 6. Plaintiff sustained injuries to her wrist, arms, shoulder, spine, and ankle. *Id.* ¶ 8. As a result of the attack, she suffers "permanent disability and pain," as well as "mental and emotional pain and suffering." *Id.*

Plaintiff brought this action against Defendant on July 6, 2023, under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. She alleges that the attack and her resulting injuries and damages were "caused by the negligence and carelessness" of Defendant in that it failed to provide security cameras and signage "to deter violence persons" from

1

attacking patrons, failed to "monitor its outside property," failed to warn patrons of violent persons at the property when it "knew or should have known of their presence," failed to warn its patrons of the "unreasonably dangerous condition of its property," failed to "maintain its property in a reasonably safe condition, when it knew or should have known violent persons were present," "failed to have adequate security in and around its property when it knew or should have known it was open to the public and violent persons were present," and failed to take "necessary measures to reasonably secure" the parking lot during times it was open to the public.  Compl. ¶ 7.

Plaintiff presented this claim to the Tort Claim Coordinator affiliated with USPS and it was denied on July 8, 2022.  Ex. A, ECF No. 1.  A request to reconsider was denied on February 9, 2023.  Ex. B, ECF No. 1.

On September 21, 2023, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Mem. of Law in Support of Mot. to Dismiss, ECF No. 12 ("Mot. to Dismiss").  It argues that this court lacks subject matter jurisdiction over Plaintiff's claim because it falls under the FTCA's discretionary function exception. *Id.* at 1.  Plaintiff filed two motions for extension of time to respond to the Motion to Dismiss, *see* ECF Nos. 13, 17, and while they were granted by the court, she has never filed a response to Defendant's Motion to Dismiss in the nearly two years since that motion was filed.

II. **LEGAL STANDARD**

If a district court lacks statutory or constitutional authority to adjudicate a case, the case must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

2

Generally speaking, federal courts lack authority to adjudicate suits brought against the United States government under the legal doctrine of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). But the government may waive such sovereign immunity by consenting to being sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In the Federal Tort Claims Act ("FTCA"), Congress "waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) (citing 28 U.S.C. § 1346(b)(1)). Thus, the FTCA confers federal district courts with jurisdiction "over damages claims against the United States for injury or loss of property, or for personal injury or death." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

To avoid dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, a plaintiff must prove "by a preponderance of the evidence that [subject matter jurisdiction] exists." *Makarova*, 201 F.3d at 113. At the same time, when reviewing a 12(b)(1) motion to dismiss, a district court must "take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

III. **DISCUSSION**

Defendant moves to dismiss this action for lack of subject matter jurisdiction, arguing that the FTCA's discretionary function exception applies to Plaintiff's claim. Mot. to Dismiss at 3. Under the discretionary function exception, the FTCA's waiver of sovereign immunity does not extend to a claim that is "based upon the exercise or

3

performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).  Therefore, courts must dismiss claims that are based on the discretionary functions of the government.  *Fazi v. United States*, 935 F.2d 535, 537 (2d Cir. 1991).

To determine whether the discretionary function exception bars a claim, it must engage in a two-step analysis.  "First, the Court must determine whether the challenged action involves an element of choice or judgment, as opposed to a circumstance in which a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. If no such mandate exists, the action is considered one of choice or judgment and the first step is satisfied." *Callahan v. United States*, 329 F. Supp. 2d 404, 407 (S.D.N.Y. 2004) (internal citations omitted).  "Second, even in those instances where judgment or choice is involved, the discretionary exception only applies when that judgment or choice is 'based on considerations of public policy.'" *Id.* (citation omitted).

Plaintiff bears "the initial burden of showing that [her] claims are not barred by the discretionary function exception."  *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021) (internal citation omitted).  As to the first prong of the analysis, she does not show that Defendants' actions are not discretionary.  She fails to argue argue that Defendant's security measures at post office facilities are pursuant to a "federal statute, regulation, or policy" that prescribes a course of action for the government to follow.  *Id.* (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

By contrast, Defendant argues that USPS facility security measures are discretionary in nature.  Mot. to Dismiss at 5.  Congress granted USPS general power to

operate and maintain postal facilities, *id.* (citing 39 U.S.C. § 401(6)), and security measures of USPS are delegated to the Chief Postal Inspector who "is responsible for the issuance of instructions and regulations pertaining to security requirements within the Postal Service," *id.* (citing 39 C.F.R. § 231.1(b)).  Thus, the "postmaster or designated supervisor acts as the Security Control Officer for each individual post office, and as such is 'responsible for the general security of the post office, its stations and branches, in accordance with rules and regulations issued by the Chief Postal Inspector.'" *Leslie v. United States*, 986 F. Supp. 900, 905 (D.N.J. 1997), *aff'd*, 178 F.3d 1279 (3d Cir. 1999) (quoting 39 C.F.R. § 231.2).

The court finds that "the federal guidelines governing security at postal facilities . . . allow for an exercise of judgment or choice by committing security decisions to the discretion of the Security Control Officer in accordance with regulations issued by the Chief Postal Inspector."  *Id.* at 905–06; *Hughes v. United States*, 110 F.3d 765, 768 (11th Cir. 1997) (concluding "[t]here is ample room for postal employees to exercise judgment and choice" in making security decisions at post office facilities); *see also Callahan*, 329 F. Supp. 2d 409 ("Several Circuit Courts of Appeal have concluded that security related decisions, including decisions involving how much security to provide and the manner in which to provide it, are the types of public policy judgments that fall within the discretionary function exception.").  Because the federal guidelines governing security at USPS facilities do not specifically prescribe a course of action, the first part of the discretionary function exception is satisfied.

As to the second prong of the analysis, the court finds that Plaintiff does not show that Defendant's actions are "not 'grounded in considerations of public policy or

5

susceptible to policy analysis.'" *Cangemi*, 13 F.4th at 130 (quoting *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000)).  The decision to allocate limited resources to implement security measures such as signage, personnel, or surveillance equipment at a facility is guided by "social and economic" policy considerations.  *Leslie*, 986 F. Supp. at 906; *Hughes*, 110 F.3d at 768 ("Decisions involving security at post offices are a fundamental part of the economic and social policy analysis required to achieve [USPS's] goals").  Therefore, the court finds that the judgment afforded to USPS employees regarding security measures is based on policy considerations and the second part of the discretionary function exception is satisfied.

Plaintiff's claim against Defendants is foreclosed by the discretionary function exception, therefore this court lacks subject matter jurisdiction and this case is dismissed.

IV. **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that the Motion to Dismiss (ECF No. 12) is **GRANTED**. The action is dismissed, and the Clerk of Court is asked, respectfully, to please close this case.

**IT IS SO ORDERED** in Hartford, Connecticut, this 15th day of August, 2025.

                                           /s/
                                  OMAR A. WILLIAMS
                                  UNITED STATES DISTRICT JUDGE